# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

---

CLINTON KESTER,

    Petitioner,

vs.                                               No. 1:17-cv-1229 WJ/LF

ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER DISMISSING HABEAS PETITION

Before the Court is Clinton Kester's habeas corpus petition under 28 U.S.C. § 2254 (**Doc. 1**). Kester challenges a state court order revoking his probation and suspended sentence. For the reasons below, the Court will dismiss the Petition without prejudice for failure to exhaust available state court remedies.

## BACKGROUND

Kester's revocation proceeding stemmed from a 2014 conviction for larceny and shoplifting in violation of N.M.S.A. 1978, §§ 30-16-01 and 30-16-20. *See State of New Mexico v. Kester,* D-1116-CR-2013-00790.[1] He was originally sentenced to two and a half years imprisonment, followed by one year of parole. The sentence was suspended except for time served. On March 10, 2016, the State Court revoked Kester's probation for failing to report negative police contact and sentenced him to five years and six months imprisonment. Kester

---

[1] The Court took judicial notice of the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

filed a direct appeal of the revocation order on April 6, 2016. *See* New Mexico Court of Appeals ("NMCA") Case No. 35,524.

On December 14, 2017 - while the appeal was pending - Kester filed the federal § 2254 petition. He asserts there was insufficient evidence to establish a willful probation violation; the probation officer failed to give him a 48 hour grace period before taking action; and he was denied due process in connection with the revocation proceeding. The petition reflects Kester raised the willful-violation arguments in the direct appeal, but he did not raise any arguments pertaining to the asserted grace period or due process violations (**Doc. 1**).

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(b)(1)(A), state prisoners must exhaust all available State Court remedies before the Federal Court can rule on any § 2254 claims. "The exhaustion requirement is satisfied if [each] … federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). Accordingly, the Federal Court generally cannot rule on a § 2254 petition where, as here, the habeas claims are still pending in the state appellate court. *See Carbajal v. Lynn,* 640 Fed. App'x 811, 813 (10th Cir. 2016) ("[N]o reasonable jurist could debate the district court's conclusion that it would be premature to address [petitioner's federal § 2254] … challenge to his Denver County convictions while his direct appeal remains pending."); *Miller v. Glanz*, 331 Fed.Appx. 608, 610 (10th Cir. 2009) (unpublished) (explaining that "a collateral federal attack on the conviction via habeas would still appear to be premature while direct appeal is pending in state court").

By an order entered December 26, 2017, the Court directed Kester to show cause why his § 2254 petition should not be dismissed for failure to satisfy the exhaustion requirement (**Doc. 4**). In

2

response, he complains the appeal has been pending since April of 2016; any state appellate decision will "influence" the Federal Court; and he is entitled to habeas relief on the merits (**Doc. 6**). The latter arguments are overruled. The merits of Kester's habeas claims are irrelevant to whether he complied with the filing prerequisites. Further, the habeas statute specifically contemplates that any federal review would be preceded by an unfavorable state appellate ruling. *See* 28 U.S.C. § 2254(b)(1)(A). In enacting that statute, Congress placed its confidence in Federal Courts to conduct an independent, unbiased review of the habeas claims.

The Court construes Kester's argument about timing as a request to excuse the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(1)(B). The requirement can only be excused where "exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(B)). The Tenth Circuit has held that a state court's delay in adjudicating a direct criminal appeal beyond two years gives rise to the presumption that exhaustion is futile, absent constitutionally sufficient justification by the state. *See Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994). Before the two-year mark, however, the Tenth Circuit has been hesitant to allow a petitioner to abandon their direct appeal. *See, e.g., Davis v. Cline,* 525 Fed. App'x 658 (10th Cir. 2013) (reserving the question of futility where the criminal appeal had been pending for "slightly less" than two years).

Kester's appeal has been pending for about 21 months. However, the NMCA has completed significant work during that time, issuing a proposed summary disposition and assigning the case to the general calendar. *See* "Appeal Summary Calendar" in D-1116-CR-2013-00790. Under these circumstances, requiring Kester to complete the appeal

process would not be futile. *See Clonce v. Presley,* 640 F.2d 271, 273 (10th Cir. 1981) ("We will not excuse a failure to exhaust state remedies unless it is affirmatively shown that resort to them would be useless."). Further, even if the Court arrived at the opposite conclusion, Kester has not attempted to exhaust his claims regarding the grace period or due process violations. The Petition is therefore still subject to dismissal, because "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 274-276 (2005). *See also Fairchild v. Workman,* 579 F.3d 1134, 1156 (10th Cir. 2009) (discussing the discretionary options for dealing with mixed petitions, which include staying the proceedings and dismissing the case without prejudice).

Based on the foregoing, the Court will dismiss Kester's Petition without prejudice for failing to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1)(B). The Court will also deny a certificate of appealability under Habeas Corpus Rule 11(a), as Kester has failed to make a substantial showing that he has been denied a constitutional right.

**IT IS ORDERED** that Clinton Kester's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is **dismissed without prejudice**; a certificate of appealability is denied; and judgment will be entered.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE